An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1123

NORTH CAROLINA COURT OF APPEALS

Filed: 15 July 2014

HUGH OSBORNE AND TERESA OSBORNE,

    Petitioners,

    v.

TOWN OF NAGS HEAD, et al.,

    Respondents.

Dare County
No. 12 CVS 402

Appeal by petitioners from order entered 16 April 2013 by Judge J. Richard Parker in Dare County Superior Court. Heard in the Court of Appeals 18 March 2014.

> *Vandeventer Black LLP, by Norman W. Shearin and Wyatt M. Booth, for petitioner-appellants.*

> *Hornthal, Riley, Ellis & Maland, L.L.P., by Benjamin M. Gallop and John D. Leidy, for respondent-appellee.*

STEELMAN, Judge.

Where there was evidence in the record to support the findings of fact made by the Board of Adjustment, and these findings supported its denial of petitioners' request for a variance, the Board did not err in denying the variance, and the trial court did not err in affirming the Board of Adjustment.

## I. Factual and Procedural Background

The factual and procedural background in this case is set forth in our opinion in the case of *Osborne v. Nags Head*, COA 13-1122.

## II. 17 April 2012 Decision

In their sole argument on appeal, the Osbornes contend that the trial court erred in affirming the 17 April 2012 decision of the Board of Adjustment (BOA). We disagree.

## A. Standard of Review

> The proper standard for the superior court's judicial review depends upon the particular issues presented on appeal. When the petitioner questions (1) whether the agency's decision was supported by the evidence or (2) whether the decision was arbitrary or capricious, then the reviewing court must apply the whole record test. However, [i]f a petitioner contends the [b]oard's decision was based on an error of law, de novo review is proper. Moreover, [t]he trial court, when sitting as an appellate court to review a [decision of a quasi-judicial body], must set forth sufficient information in its order to reveal the scope of review utilized and the application of that review.

*Mann Media, Inc. v. Randolph Cnty. Planning Bd.*, 356 N.C. 1, 13, 565 S.E.2d 9, 17 (2002) (citations and quotation marks omitted).

"When utilizing the whole record test, . . . the reviewing court must examine all competent evidence (the whole record) in order to determine whether the agency decision is supported by substantial evidence." *Id*. at 14, 565 S.E.2d at 17 (citations and quotation marks omitted).

### B. Analysis

In its order dated 24 April 2012, BOA concluded that:

> It is the Board's CONCLUSION that enforcement of the strict letter of the ordinance, specifically Town Code Section 48-442(f)(2)(c), Dimensional Requirements for Single-family Detached Dwellings within in the SED-80 District, Setback from Ridge Line Forest, Town Code Section 48-442(g)(2)(b), Special Development Standards, Site Design within the SED-80 District and the requested deviations in from the November 13, 1997 variance as it pertains to driveway length and footprint of the proposed home **does not** create unnecessary hardship for the applicant.

**(R p. 7)** In support of this conclusion, BOA found that:

> A. On November 13, 1997 the following variances were granted for the subject property: (1) reduce the ridge line forest eastern boundary setback from 130 feet west of the ridge line forest to approximately 5 feet west of the ridge line forest; (2) reduce the ridge line forest eastern boundary vegetation removal restriction from 100 feet west of the ridge line forest to 0 feet at the ridge line forest; (3) allow grading and alteration of a dune with a slope of 42 percent and a height of 35 feet; and (4) increase the four-inch caliper tree

removal limit from five feet along driveways to approximately 60 feet.

B.  In consideration of all the facts the Board of Adjustment determined by a vote of 3-2 that the applicant **can** secure reasonable use of the property without the granting of the requested variance as variances already exist for the placement of a single-family dwelling and the necessary access upon this lot (Lot 30).

. . .

D.  The Board found that applicant provided no evidence that the practical difficulty or unnecessary hardship of which he complains is suffered by his property directly and not others, based upon the fact that variances are already in place for development of this lot (Lot 30) and the adjoining lot (Lot 29), of the Hills at Nags Head Subdivision. The Board further found that any deviation from the originally approved variance of 1997 for Lot 30 could subsequently result in a need for additional variances for Lot 29 as access is shared.

**(R p. 7)** Pursuant to the whole record test, even in the presence of conflicting evidence and findings, we must affirm if there was substantial evidence supporting BOA's findings.  We hold that there was such evidence in the record, that this evidence supports the findings cited above, and that those findings in turn support BOA's conclusion that the Osbornes are not subject to unnecessary hardship in their use of Lot 30.  We hold that BOA did not err in denying the Osbornes' request for a

variance, and that the trial court did not err in its 16 April 2013 order affirming BOA.

AFFIRMED.

Judges HUNTER, Robert C., and BRYANT concur.

Report per Rule 30(e).